EVERETT J. CHAPMAN, PLAINTIFF, v. GEORGE H. MITCHELL AND EVELYN ESTES, DEFENDANTS.

Decided October 29, 1945.

For the plaintiff, *Evans, Hand & Evans.*

For the defendants, *Charles S. Silberman.*

LEYDEN, S. C. C.    Supreme Court rule 81, requiring an affidavit verifying the cause of action, stating the amount

claimed, and the plaintiff's belief that there is no defense to the action, is applicable only when the motion is for summary judgment upon a debt or liquidated demand arising upon a contract, a judgment for a stated sum, or upon a statute. The present motion is to strike the answers of the defendants upon the grounds that they are insufficient in law and sham. It does not seek summary judgment and rightfully so, as a Supreme Court Commissioner has no power to enter a judgment in a Supreme Court issue. Supreme Court rule 84. The defendants' contention that the motion is fatally defective for failure to comply with rule 81, is therefore without merit.

The plaintiff is a tenant by the entirety of a house and lot situated in the Township of Wyckoff, Bergen County. Two intruders, the defendants, occupy the premises with him at the instance of his wife, and contrary to his permission and consent. The one, Mitchell, is a discharged handyman who presently occupies sleeping quarters in the basement. The other, Estes, is a granddaughter of the wife. Both have been ordered by the plaintiff to leave and each refuses to do so. Hence this suit in ejectment.

The answers filed by the defendants are not in accordance with Supreme Court rule 185. In addition to specific denials of the paragraphs of the complaint, Mitchell's answer contains two separate defenses to the effect that the plaintiff, together with his wife, Mary L. Chapman, employed the defendant as a caretaker for the remainder of his life and that he, Mitchell, entered the premises under the hiring and was accepted by the plaintiff as general caretaker of the premises. The separate defense set up by the defendant Estes is to the effect that she entered the premises with the full knowledge and consent of the plaintiff. These separate defences are insufficient in law and the denials of the allegations of the complaint are sham and do not entitle the defendants to defend.

The plaintiff is the master of his household. He is the managing head, with control and power to preserve the family relation, to protect its members and to guide their conduct. He has the obligation and responsibility of supporting, main-

taining and protecting the family, and the correlative right. to exclude intruders and unwanted visitors from the home despite the whims of the wife. Assuming the defendants entered the premises with the permission of the plaintiff, the affidavits disclose conclusively that that permission has long since been revoked by him. The defendants have no standing in a court of law and an order may be submitted striking out the answers.